**UNITED STATES DISTRICT COURT**        **EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AND ITS LOCAL UNION NO. 228, §§§§§§§§ | |
| Plaintiff, §§ | |
| *versus* § | CIVIL ACTION NO. 1:19-CV-201 |
| § | |
| LION ELASTOMERS, LLC, §§ | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the court is Plaintiff United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, and its Local Union No. 228's ("the Union") Motion to Enforce Arbitration Order (#22). Defendant Lion Elastomers, LLC ("Lion") filed a Response (#23) in opposition and an Opposed Motion to Vacate Court's March 31, 2020, Order Pursuant to Rules 60(b)(5) & (6) (#24). The Union filed a Reply (#25) to Lion's Response and a Response (#26) in opposition to Lion's motion. Having considered the pending motions, the submissions of the parties, the record, and the applicable law, the court is of the opinion that the Union's Motion to Enforce Arbitration Order should be GRANTED, while Lion's Motion to Vacate should be DENIED.

I.    Background

The present dispute arises out two grievances the Union filed against Lion on behalf of one of its members, Joseph Colone ("Colone"). Specifically, on July 27, 2017, the Union filed the first grievance, Grievance 09-2017, pursuant to the three-step procedure contained in the parties'

Collective Bargaining Agreement ("CBA").  The grievance maintained that Lion had "unjust[ly] discipline[d]" Colone.  Lion denied the grievance at all three stages of the CBA grievance process.  On November 20, 2017, the Union requested arbitration of Grievance 09-2017.

Approximately one year after the filing of its initial grievance, the Union filed a second grievance on behalf of Colone, Grievance 07-2018, asserting that Lion "unjust[ly] terminat[ed]" Colone in retaliation for the filing of the first grievance.  Lion denied the grievance during steps one and two of the CBA grievance procedure, but it did not deny the grievance in writing at the third step.  After failing to receive a written response, the Union submitted a request to arbitrate Grievance 07-2018 on September 5, 2018.

On December 4, 2018, Lion informed the Union that it would not arbitrate Grievance 09-2017 because the Union failed to submit the grievance to the Federal Mediation Conciliation Service ("FMCS") in a timely manner.  In a separate letter sent the same day, Lion also informed the Union that it would not arbitrate Grievance 07-2018.  According to Lion, the Union failed to provide Lion with timely notice of its intent to seek arbitration, as required by the CBA. Therefore, Lion asserted that neither grievance was subject to arbitration.

On April 25, 2019, the Union filed a Complaint (#1) in the Eastern District of Texas, Beaumont Division, asking this court to compel arbitration of its grievances.  The parties agreed that the Union's claims against Lion should be resolved on summary judgment.  On October 11, 2019, the parties filed cross-motions for summary judgment. On March 31, 2020, the undersigned entered an order denying Lion's motion for summary judgment and granting the Union's motion in part.  Specifically, the court held that the Union was entitled to judgment as a matter of law

regarding the arbitrability of its grievances against Lion.[1]  Therefore, the court ordered arbitration and ultimately dismissed the case on April 8, 2020.

Now, approximately five years later, the Union has filed a Motion to Enforce Arbitration Order (#22).  In its motion, the Union discusses related proceedings that were pending before the National Labor Relations Board ("NLRB") at the time the court ordered arbitration.  The Union explains that, around the same time it initiated proceedings in this court, it simultaneously sought relief before an NLRB Administrative Law Judge ("ALJ").  In the NLRB proceedings, the Union asserted that Lion had violated the National Labor Relations Act ("NLRA") by terminating Colone for his grievance activity.  The ALJ held in favor of the Union, and on May 29, 2020, the NLRB issued a decision upholding the ALJ's conclusion.  Lion appealed the NLRB's decision to the United States Court of Appeals for the Fifth Circuit in June 2020.

Despite having selected arbitrators pursuant to this court's March 31, 2020, Order (#20), the parties agreed to hold the arbitration of the Union's grievances in abeyance, given that any remedies the arbitrator might grant would likely be duplicative of any relief that might be ordered in the appealed NLRB proceeding.  While the appeal was pending before the Fifth Circuit, the NLRB requested a remand, which was granted.  Following remand, the NLRB issued another decision in favor of the Union.  Again, Lion appealed the NLRB decision to the Fifth Circuit.  On July 9, 2024, the Fifth Circuit vacated the NLRB's decision, holding that the NLRB had failed to apply the correct legal standard and remanding the matter for further proceedings.

---

[1] The court denied the Union's motion for summary judgment with respect to its request for attorneys' fees.

3

According to the Union, the NLRB has failed to issue a decision following remand.  On September 25, 2024, a mere two months after the Fifth Circuit's decision to remand the case, the Union informed Lion that it no longer wanted to hold the grievances in abeyance.  Thus, the Union stated that it intended to proceed to arbitration.  The parties engaged in settlement discussions, which were ultimately unsuccessful.  Following those attempts, the Union contacted Lion to arrange arbitration, but Lion informed the Union that it would not arbitrate the grievances because it maintains that laches bars the enforcement of this court's order compelling arbitration.  Consequently, the Union filed a Motion to Enforce Arbitration Order (#22) on April 29, 2025, and Lion filed an Opposed Motion to Vacate the Court's March 31, 2020, Order Pursuant to Rules 60(b)(5) & (6) (#24) on May 14, 2025.

II.    Analysis

A federal court has inherent authority to enforce its judgments.  *Thomas v. Hughes*, 27 F.4th 363, 368 (5th Cir. 2022); *see Casa Express Corp as Tr. of Casa Express Tr. v. Bolivarian Republic of Venez.*, 158 F.4th 1176, 1184 (11th Cir. 2025).  Rule 70 of the Federal Rules of Civil Procedure recognizes that inherent authority and provides a procedural mechanism by which a court may enforce a judgment that requires a specific act.  FED. R. CIV. P. 70.  It is pursuant to this authority that the Union asks this court to enforce its prior Memorandum and Order (#20) signed on March 31, 2020, ordering the parties to arbitration.

A court may, however, refuse to enforce and, instead, vacate a final judgment under Rule 60(b) of the Federal Rules of Civil Procedure.  Rule 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceedings for the following reasons:
>
> (1)    mistake, inadvertence, surprise, or excusable neglect;

(2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)     the judgment is void;

(5)     the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)     any other reason that justifies relief.

FED. R. CIV. P. 60(b).  Consequently, in response to the Union's motion to enforce, Lion filed a Motion to Vacate Judgment (#24) asking this court to vacate its prior Memorandum and Order (#20) on the grounds that it is no longer equitable to apply the judgment prospectively and that this case presents exceptional circumstances warranting relief under Rule 60(b)(6).

A.     Timeliness of the Motion to Vacate

A motion brought under Rule 60(b) must be made within a "reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c).  Here, Lion filed its Motion to Vacate Judgment five years after the entry of the judgment in question.  Nevertheless, Lion maintains that the motion was brought within a reasonable time under the circumstances presented.  Specifically, Lion highlights that the motion was filed approximately two weeks after the Union filed its motion to enforce.

Despite the significant lapse in time between the initial entry of the final judgment and Lion's subsequent motion, the court agrees that the motion was made within a reasonable time.  As Lion notes, the proposed conditions warranting relief did not exist until well after the entry of

5

the judgment at issue. Namely, Lion had no reason to seek relief from this court's order until the Union sought enforcement of the judgment five years after its initial entry. Accordingly, the grounds for relief did not exist until the Union sought delayed enforcement of the arbitration order. Once the grounds for relief materialized, Lion filed its motion to vacate a mere two weeks later. Therefore, Lion has made its motion within a reasonable time as required by Rule 60(c) of the Federal Rules of Civil Procedure.

B.      Grounds for Relief Pursuant to Rule 60

The party seeking relief from a judgment, order, or proceeding bears the burden of showing that Rule 60(b) applies. *New High Ltd. v. Global Merch Grp., LLC*, No. 22-55983, 2024 WL 3811631, at *1 (9th Cir. Aug. 14, 2024); *Schwindler v. Comm'r, Ga. Dep't of Corr.*, No. 23-10457, 2024 WL 3666251, at *3 (11th Cir. Aug. 6, 2024); *Compañía de Inversiones Mercantiles S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 58 F.4th 429, 446 (10th Cir. 2023); *Frew v. Janek*, 780 F.3d 320, 327 (5th Cir. 2015) (citing *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 438 (5th Cir. 2011)); *see Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 316 (5th Cir. 2017). "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Lyles*, 871 F.3d at 315 (quoting *Hesling v. CSX Transp. Inc.*, 396 F.3d 632, 638 (5th Cir. 2005)); *see Buck v. Davis*, 580 U.S. 100, 123 (2017) ("Rule 60(b) vests wide discretion in courts"). Rule 60(b) "is to be construed liberally to do substantial justice . . . [it] is broadly phrased and many of the itemized grounds are overlapping, freeing Courts to do justice in hard cases where the circumstances generally measure up to one or more

of the itemized grounds." *Frew*, 780 F.3d at 327 (quoting *Johnson Waste Materials v. Marshall*, 611 F.2d 593, 600 (5th Cir. 1980)).

       1.   <u>Rule 60(b)(5)</u>

      Rule 60(b)(5) authorizes district courts to terminate final judgments with prospective effects when their enforcement is no longer equitable. *Fed. Trade Comm'n v. Hewitt*, 68 F.4th 461, 466 (9th Cir. 2023); *Pico v. Glob. Marine Drilling Co.*, 900 F.2d 846, 851 (5th Cir. 1990); *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990). "In reviewing a request for relief under Rule 60(b)(5), '[w]e are not framing a decree [. . .] [w]e are asking ourselves whether anything has happened that will justify us now in changing a decree.'" *W. Water Mgmt., Inc. v. Brown*, 40 F.3d 105, 108 (5th Cir. 1994) (quoting *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)). To qualify for relief, the movant must demonstrate that "(1) the judgment has prospective application and (2) it is no longer equitable that it should so operate." *Kirksey v. City of Jackson*, 714 F.2d 42, 43 (5th Cir. 1983); *Union Bethel Afr. Methodist Episcopal Church v. Indep. Specialty Ins. Co.*, No. 23-5455, 2025 WL 71912, at *3 (E.D. La. Jan. 10, 2025); *In re Heritage Real Est. Inv., Inc.*, No. 14-03603-NPO, 2020 WL 9258338, at *7 (S.D. Miss. Bankr. Oct. 23, 2020); *In re Whelan*, 582 B.R. 157, 173 (E.D. Tex. Bankr. 2018). "A judgment operates prospectively if it requires a court to supervise changing conduct or conditions that are provisional or tentative." *Nat'l City Golf Fin., a Div. of Nat'l City Com. Cap. Co., L.L.C. v. Scott*, 899 F.3d 412, 419 (5th Cir. 2018); *Union Bethel Afr. Methodist Episcopal Church*, 2025 WL 71912, at *3. Not every order that has an arguably prospective effect, however, will satisfy the prospectivity requirement of Rule 60(b)(5). *Union Bethel Afr. Methodist Episcopal Church*,

2025 WL 71912, at *3 (citing *Picco v. Glob Marine Drilling Co.*, 900 F.2d 846, 851 (5th Cir. 1990)).

In the present case, it is unclear whether the judgment Lion seeks to vacate operates prospectively, as the judgment does not inherently require the court to supervise changing conduct or tentative conditions. In *Union Bethel African Methodist Episcopal Church*, a court in the Eastern District of Louisiana was faced with a similar question. 2025 WL 71912, at *3. Specifically, the court was tasked with deciding whether to apply Rule 60(b)(5) to a final judgment compelling arbitration. *Id.* The district court noted, however, that the movant failed to address the prospectivity requirement, electing only to discuss the inequity of enforcing the judgment. *Id.* Accordingly, the court held that the movant did not meet its burden of proving the applicability of Rule 60(b)(5). Similarly, Lion's motion overlooks the prospectivity requirement and, instead, focuses solely on the changed circumstances rendering the enforcement of the judgment inequitable. Therefore, the court is of the opinion that Lion has not met the requisite burden to show its entitlement to relief under Rule 60(b)(5).

### 2. Rule 60(b)(6)

Alternatively, Lion seeks relief from this court's final judgment pursuant to Rule 60(b)(6). Under Rule 60(b)(6), a district court may relieve a party from an order or proceeding for any reason which justifies relief, other than those also enumerated in Rule 60(b). *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025); *Buck*, 580 U.S. at 123; *see Rocha v. Thaler*, 619 F.3d 387, 399-400 (5th Cir. 2010). "Rule 60(b)(6) is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses, [and] [the Fifth Circuit] [has] also narrowly circumscribed its availability, holding that Rule 60(b)(6) relief will be granted

only if extraordinary circumstances are present." *Balentine v. Thaler*, 626 F.3d 842, 846 (5th Cir. 2010) (quoting *Batts v. Tow-Motor Forklife Co.*, 66 F.3d 743, 747 (5th Cir. 1995)); *see Guevara v. Davis*, 679 F. App'x 332, 334 (5th Cir. 2017); *Boissier v. Katsur*, 676 F. App'x 260, 264 (5th Cir. 2017); *Union Bethel Afr. Methodist Episcopal Church*, 2025 WL 71912, at *3 (citing *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990)).  "[T]he rule seeks to strike a delicate balance between two countervailing impulses:  the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'"  *Borne v. River Parishes Hosp., L.L.C.*, 548 F. App'x 954, 956 (5th Cir. 2013) (quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970).

Rule 60(b)(6) is a "catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions."  *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 593 n.19 (5th Cir. 2014) (quoting *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002)); *see Buck*, 580 U.S. at 123; *Webb v. Davis*, 940 F.3d 892, 899 (5th Cir. 2019).  A motion under Rule 60(b), however, "is not a substitute for a timely appeal, and it is an improper vehicle for challenging mistakes of law or reasserting arguments on the merits of a claim."  *Borne*, 548 F. App'x at 956 (citing *Pryor*, 769 F.2d at 286); *see In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d at 593 n.19; *Hess*, 281 F.3d at 216 (holding that a Rule 60(b)(6) motion is not appropriate where a mistake of law is alleged to be the primary ground for appeal). In its motion, Lion essentially maintains that the court should vacate the judgment pursuant to Rule 60(b)(6) because the doctrine of laches equitably bars the enforcement of this court's order compelling arbitration.

9

a.     Procedural Arbitrability

As a preliminary matter, the court must determine whether Lion's position with respect to laches raises an issue of substantive or procedural arbitrability.  In its Response, the Union maintains that laches presents an issue of procedural arbitrability, such that the court is without jurisdiction to evaluate the applicability of the doctrine.   In evaluating whether to compel arbitration, courts must distinguish between matters of substantive and procedural arbitrability. *See* 51A C.J.S. *Labor Relations* § 603 (2025).  The term "substantive arbitrability" refers to whether the dispute involves subject matter that the parties have contractually agreed to submit to arbitration.  *Unión Internacional UAW, Local 2415 v. Bacardí Co.*, 8 F.4th 44, 49 n.1 (1st Cir. 2021).  If the dispute is substantive, then the court must evaluate and determine the issue.  *See* 51A C.J.S. *Labor Relations* § 603 (2025).  Procedural arbitrability, however, concerns whether certain grievance procedures apply to a particular dispute, whether such procedures have been followed or exused, and whether the unexcused failure to follow them avoids the duty to arbitrate. *Unión Internacional UAW, Local 2415*, 8 F.4th at 50 n.3.  A court cannot decide questions of procedural arbitrability, as such questions must be resolved by the arbitrator.  *See Adam Techs. Int'l S.A. de C.V. v. Sutherland Global Servs., Inc.*, 729 F.3d 443, 452 (5th Cir. 2013); 51A C.J.S. *Labor Relations* § 603 (2025).

The Union maintains the applicability of laches is a matter of procedural arbitrability because it challenges the timeliness of its pursuit of the grievances under the CBA.  Questions of timeliness, whether it be the timely filing of the grievance or the timely pursuit of arbitration pursuant to the CBA, are generally questions of procedural arbitrability.  *Adam Techs. Int'l S.A. de C.V.*, 729 F.3d at 452 (citing *Oil, Chem. and Atomic Workers' Int'l Union, Local 4-447 v.*

10

*Chevron Chem. Co.*, 815 F.2d 338, 341 (5th Cir. 1987).  The Union, however, fails to recognize a key distinction between the present case and those it cites to support its proposition.  In the present case, the court is no longer evaluating the arbitrability of the Union's grievances against Lion, but, rather, it is evaluating the enforceability of its own prior judgment.  As a result, the court is not considering whether the doctrine of laches should bar the Union's ability to arbitrate its grievances under the CBA.  Instead, the court is evaluating whether the doctrine of laches should apply to bar the enforcement of this court's Order signed on March 31, 2020.  Consequently, the question before the court is neither one of substantive nor procedural arbitrability.  As noted above, matters of procedural arbitrability are matters that raise procedural questions pursuant to the CBA—a contract in which the parties agreed to resolve disputes arising under the agreement in arbitration.  Here, however, the court is not evaluating whether the Union's pursuit of its grievances is timely under the agreement.  Rather, the court is evaluating whether, under the principles of equity, it should enforce its own judgment.  Therefore, the court is of the opinion that it may evaluate the applicability of the doctrine of laches in the present case.

b.    The Doctrine of Laches

For laches to apply, Lion must demonstrate that the Union delayed in asserting the rights at issue, that the delay was inexcusable, and that Lion has suffered undue prejudice as a result of the delay.  *Uptown Grill, L.L.C. v. Schwartz*, 817 F.3d 251, 256 (5th Cir. 2016).  Here, the court cannot say that the Union delayed in asserting its rights, as it appears that the parties reached a mutual agreement to hold the judgment in abeyance for a period of time.  Though the court agrees that the Union has engaged in some seemingly calculated and perhaps underhanded conduct, it cannot conclude that the Union *inexcusably* delayed in asserting its rights when Lion ultimately

agreed to the delay.[2]  Additionally, either party could have withdrawn its agreement to hold the judgment in abeyance at any point.  Furthermore, Lion has not been unduly prejudiced as a result of the delay, as it can raise in arbitration any defenses relating to issue or claim preclusion that may arise from the NLRB proceedings.  Accordingly, the court concludes that Lion is not entitled to relief from the judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.

III.    Conclusion

Based on the foregoing analysis, the Union's Motion to Enforce Arbitration Order (#22) is GRANTED and Lion's Opposed Motion to Vacate Court's March 31, 2020, Order Pursuant to Rules 60(b)(5) & (6) (#24) is DENIED.

SIGNED at Beaumont, Texas, this 6th day of January, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[2] Namely, the Union agreed to hold the judgment in abeyance when it appeared that the proceedings taking place before the NLRB would produce a favorable outcome and withdrew its agreement shortly after the Fifth Circuit vacated the NLRB's favorable decision on July 9, 2024.